## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ERIC MARTIN**                                    Civil Action No:_____
2202 S. Okeefe Lane
Middletown, DE 19709

       PLAINTIFF

      vs.

**ANDREW BRANDLEY**
646 Concord Circle
Trenton, NJ 08618

and

**S.J. TRANSPORTATION CO., INC.**
1176 US Rt 40
Woodstown, NJ 08098

       DEFENDANTS

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Andrew Brandley and S.J. Transportation Co., Inc. (hereinafter "Defendants") hereby removes this action from the First Judicial District of Pennsylvania, Court of Common Pleas in Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, on the following grounds:

1. On or about November 30, 2021, Plaintiff, Eric Martin, filed a Complaint against Defendants, Andrew Brandley and S.J. Transportation Co., Inc. (hereinafter "Defendants") in the First Judicial District of Pennsylvania, Court of Common Pleas in Philadelphia, County, Pennsylvania, titled *Eric Martin v. Andrew Bradley and S.J. Transport Co., Inc.*, docketed as Case No. 211102348. *See* Plaintiff's Complaint attached hereto as Exhibit "A".

1

2. Defendant S.J. Transportation Co., Inc. was served via certified mail on or about December 27, 2022.

3. In his Complaint, Plaintiff alleges that on February 25, 2021 he was involved in a vehicle accident in Ridley Park, Pennsylvania when his vehicle was "suddenly and without warning…struck by a commercial tractor trailer combination…." owned by Defendant S.J. Transportation and driven by Defendant Andrew Brandley, then an employee of S.J. Transportation. Exhibit "A", ¶¶10-11.

4. Plaintiff alleges that as a result of the accident Plaintiff has incurred injuries consisting of the following:

   a. Serious and permanent losses of body functions, including and not limited to "closed head injury and other ills and injuries" Exhibit "A", ¶15;

   b. "Severe actual loss of his gross income" Exhibit "A", ¶18;

   c. Impairment of future earning capacity and power, Exhibit "A", ¶19;

   d. Physical pain, aches, mental anguish, humiliation, inconveniences and loss of life's pleasures which may continue indefinitely into the future, Exhibit "A", ¶20;

   e. Inability to attend to daily chores, duties and occupations which may extend for an indefinite period into the future, Exhibit "A", ¶21;

   f. Full or part permanent, irreparable or sever cosmetic disfigurement, Exhibit "A", ¶22; and

   g. Plaintiff demands damages "in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate." Exhibit "A", wherefore clauses of Counts 1, 2 and 3.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in that Defendant was served with a copy of the Complaint no more than thirty (30) days before the filing of this Notice of Removal.

6.      In accordance with 28 U.S.C. § 1446(a) and the applicable local rules, Defendant attaches to this Notice of Removal copies of the docket and all pleadings, process, orders, and other papers on file in the state court.  See Exhibit "B" attached hereto.

7.      Venue is proper in the Eastern District of this Court because this action is being removed from the First Judicial District of Pennsylvania, Court of Common Pleas in Philadelphia County, to the Eastern District of Pennsylvania. Further, the accident which forms the basis of this case occurred in Delaware County, Pennsylvania.

## DIVERSITY OF CITIZENSHIP EXISTS

8.      This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9.      At all times material, Plaintiff is and was "is adult individual residing [in the State of Delaware]" *See* Exhibit "A", ¶1.

10.     At all material times, Defendant Andrew Brandley is and was a resident of the State of New Jersey. *See* Exhibit "A", ¶2.

11.     Defendant S.J. Transportation Co., Inc. is a business entity created under the laws of the State of New Jersey with its principal place of business at 1176 US Route 40, Woodstown, NJ 08098. *See* Exhibit "A", ¶3.

12.     Because Plaintiff is domiciled in Delaware and Defendants are located entirely in New Jersey, complete diversity exists under 28 U.S.C. §1332.

4893-2627-1755

## THE COMPLAINT ALLEGES DAMAGES AND INJURIES
## EXCEEDING THE JURISDICTIONAL THRESHOLD

13. In Count I of his Complaint, Plaintiff seeks "in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate." *See* Exhibit "A", prayer for relief at page 4.

14. In Count II of his Complaint, Plaintiff seeks "in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate." *See* Exhibit "A", prayer for relief at page 5.

15. In Count III of his Complaint, Plaintiff seeks "in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate." *See* Exhibit "A", prayer for relief at page 5.

16. Thus, Defendants may remove the state court action to this Court, in accordance with the provisions of 28 U.S.C. §1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145-46 (3d. Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather a reasonable reading of the value of the rights to be litigated.").

17. Defendant consents to the removal of this case to the United States District Court for the Eastern District of Pennsylvania.

18. Pursuant to 28 U.S.C. §1446(d), and as indicated on the Certificate of Service attached hereto, written notice of removal of this action will be promptly served to Plaintiff's counsel.

19. Promptly after the filing of this Notice of Removal, Defendant will file a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal, with the Prothonotary of the First Judicial District of Pennsylvania, Court of Common Pleas in Philadelphia County, Pennsylvania.

20. By removing this action, Defendant neither admits any of the allegations in the Complaint, nor waives any available defenses and/or objections.

21. The undersigned counsel is authorized by Defendants to file this Notice of Removal, is licensed in the Commonwealth of Pennsylvania, and is a member in good standing of the Bar of this Court.

## **CONCLUSION**

22. There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy is in excess of $75,000.00 Thus, this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, Defendants, Andrew Brandley and S.J. Transportation Co. Inc., hereby remove this action now pending against them in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Date:   January 25, 2022

/s/ Alex P. Basilevsky
By:  Alex P. Basilevsky, Esquire (202059)
Suite 3400 West
1500 Market Street
Philadelphia PA 19103
215.665.3000 Telephone
717.236.2485 Facsimile
Email: alex.basilevsky@obermayer.com
*Attorneys for Defendants S.J. Transportation Co. Inc., and Andrew Brandley*

## **CERTIFICATE OF SERVICE**

I, Alex P. Basilevsky, Esquire, hereby certifies that on January 25, 2022, a true and correct copy of the Defendants' Notice of Removal was served via first email and first class mail upon counsel as follows:

Jason E. Fine, Esquire
J. Fine Law Group, P.C.
1628 John F. Kennedy Blvd.
Suite 2120
Jason@finelaw.com
*Counsel for Plaintiff, Eric Martin*

By:   /s/ Alex P. Basilevsky
       Alex P. Basilevsky, Esq.

4893-2627-1755