# EXHIBIT A

| Court of Common Pleas of Philadelphia County Trial Division **Civil Cover Sheet** | For Prothonotary Use Only (Docket Number) **NOVEMBER 2021**   002248 <br> E-Filing Number: 2111056490 |
|---|---|
| PLAINTIFF'S NAME <br> ERIC MARTIN | DEFENDANT'S NAME <br> ANDREW BRANDLEY |
| PLAINTIFF'S ADDRESS <br> 2202 S. OKEEFE LANE <br> MIDDLETOWN PA 19709 | DEFENDANT'S ADDRESS <br> 646 CONCORD CIRCLE <br> TRENTON NJ 08618 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME <br> S.J. TRANSPORTATION CO., INC., |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS <br> 1176 US RT 40 <br> WOODSTOWN NJ 08098 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal <br> [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [ ] Jury <br> [X] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 30 2021
M. RUSSO

IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ERIC MARTIN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> JASON E. FINE | ADDRESS <br> J FINE LAW GROUP, LLC <br> 1628 JFK BOULEVARD <br> SUITE 2120 <br> PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER <br> (267)888-2960 | FAX NUMBER <br> (267)687-7018 |
| SUPREME COURT IDENTIFICATION NO. <br> 82452 | E-MAIL ADDRESS <br> filings@jfinelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> JASON FINE | DATE SUBMITTED <br> Tuesday, November 30, 2021, 02:24 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**
BY:   Jason E. Fine, Esquire
Attorney ID#: 82452
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
Jason@jfinelaw.com

Attorney for Plaintiff,
**ERIC MARTIN**

*Filed and Attested by the Office of Judicial Records 30 NOV 2021 02:34 pm M. RUSSO*

| | |
|---|---|
| **ERIC MARTIN**<br>2202 S. Okeefe Lane<br>Middletown, DE 19709<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**ANDREW BRANDLEY**<br>646 Concord Circle<br>Trenton, NJ 08618<br>and<br>**S.J. Transportation Co., Inc.**<br>1176 US Rt 40<br>Woodstown, NJ 08098<br>　　　　　　　　Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2021<br><br>NO.:<br><br>MAJOR NON JURY CASE<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

　　　　　　PHILADELPHIA BAR ASSOCIATION
　　　　　　Lawyer Referral And Information Service
　　　　　　1101 Market Street, 11th Floor
　　　　　　Philadelphia, PA 19107

Le han damamdado a usted en la corta. Sl usted quiere defenderse de estas demandas expuestas en las paginas las sigulenter, ested teina veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o an parsona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objecioues a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u otros derachos importanted para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
　　　　Servicio De Referencia E Information Legal
　　　　1101 Market Street, 11th Floor
　　　　Filadelfia, Pennsylvania 19107

Case ID: 211102344

## CIVIL ACTION COMPLAINT
## 2V – MOTOR VEHICLE ACCIDENT

**COMES NOW,** Plaintiff, ERIC MARTIN, to plead his case and in support thereof he says:

### Parties

1. Plaintiff, **ERIC MARTIN**, is an adult individual residing at the above captioned address (hereafter referred to as "**Plaintiff**").

2. Defendant, ANDREW BRANDLEY, is an adult individual residing at the above captioned address (hereafter referred to as "**Defendant Operator**").

3. Defendant, S.J. Transportation Co., Inc. (hereafter referred to as "**Defendant Company/Defendant Owner**"), is a business entity created under the laws of the state of New Jersey with a registered office for the acceptance of service or a principal place of business at 1176 US Route 40, Woodstown, NJ 08098.

### Jurisdiction and Venue

4. The accident giving rise to the instant matter occurred in the Commonwealth of Pennsylvania.

5. Defendant Operator, Defendant Owner, and Defendant Company (hereafter collectively referred to as "**All Defendants**"), are subject to specific personal jurisdiction of Pennsylvania courts pursuant to the accident giving rise to the instant action.

6. Venue is appropriate in Philadelphia County since All Defendants regularly conduct business there.

7. Venue is appropriate in Philadelphia County pursuant to Pa.R. Civ.P. 2179 and/or Pa.R. Civ.P. 1006.

8. Jurisdiction is appropriate in the Commonwealth of Pennsylvania pursuant to 42 Pa.C.S. § 5322.

9. Since 1971, Defendant, SJ Transportation Co., Inc. has developed a thorough, methodical approach to the business of transporting hazardous/ industrial waste and hazmat products. Our company offers a comprehensive range of diversified equipment and management, safely transporting materials throughout the continental United States and Canada including but not limited to Philadelphia County.

### Common Averments

10. On or about February 25, 2021, at approximately 2:27 p.m., Plaintiff was traveling on Industrial Highway and Stewart in Ridley Park, Pennsylvania when suddenly and without warning his vehicle was struck by a commercial tractor trailer combination (hereafter **"Large Truck"**) under the control of Defendant Operator.

11. At all times relevant hereto, Defendant Owner owned, leased, controlled and/or had dominion over the Large Truck driven by Defendant Operator.

12. Plaintiff brings this action against Defendant Owner by and as a result of its conduct, acts or omissions of its agents, employees, servants, workmen and Defendant Operator pursuant to 42 Pa. C.S. § 8542(b) and any other applicable local or state rules, laws, or ordinances.

### COUNT ONE – NEGLIGENCE
### ERIC MARTIN v. ANDREW BRANDLEY

13. Plaintiff, ERIC MARTIN, hereby incorporates by reference paragraphs one through twelve (1-12) as if fully set forth herein at length.

14. The negligence of Defendant Operator was the direct and proximate cause of the impact described *infra*, with said negligence being more fully described as:

    (a) failing to properly operate his respective truck;

    (b) failing to maintain a proper and adequate lookout;

    (c) driving at an excessive and unsafe rate of speed under the circumstances;

      (d)    operating the motor vehicle in a careless and negligent manner;

      (e)    operating the motor vehicle without due regard to the rights, safety, and position of plaintiff;

      (f)    failing to have their respective motor vehicles under proper control so as to prevent defendants' motor vehicle from striking plaintiff's motor vehicle;

      (g)    failing to use due care under the circumstances;

      (h)    failing to notice the other motor vehicle;

      (i)    failing to take evasive action in order to avoid impacting with each motor vehicle;

      (j)    violating the relevant ordinances and the Statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles;

      (k)    acts constituting negligence *per se*;

      (l)    failing to maintain an assured clear distance;

      (m)    failing to yield the right of way; and

      (n)    failing to apply breaks when vehicles in front of defendant were stopped.

15.    As a direct cause of the impact and negligence described *infra*, Plaintiff suffered serious and permanent losses of body functions (as defined by 42 Pa.C.S. § 8553), including, but not limited to: closed head injury and other ills and injuries.

16.    As a further result of this accident, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries suffered and to incur various expenses for said treatment and services for which Defendants, individually, jointly and/or severally, are responsible for pursuant to 42 Pa.C.S.A. Section 8553(c)(3) and 42 Pa.C.S.A. Section 8553(c)(2)(ii).

17.    As a further result of this accident, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur

various reasonable and necessary future medical expenses from the injuries sustained, and Defendants, individually, jointly and/or severally, are liable for all the same.

18. As a further result of this accident, Plaintiff has or may suffer severe actual loss of his gross income as defined in 75 Pa.C.S.A. Section 1712(2) and 42 Pa.C.S.A. Section 8553(c)(1).

19. As a further result of this accident, Plaintiff has or may suffer impairment of his earning capacity and power, pursuant to 42 Pa.C.S.A. Section 8553(c)(1).

20. As a further result of the accident aforementioned, Plaintiff has suffered physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's pleasures, and he may continue to suffer same for an indefinite time in the future.

21. As a direct result of this accident, Plaintiff has been unable to attend to his daily chores, duties and occupations and may be unable to do so for an indefinite period of time in the future.

22. As a further result of this incident, Plaintiff has suffered an injury which should more probably than not result in full or part a cosmetic disfigurement which is permanent, irreparable, or severe.

**WHEREFORE**, Plaintiff, ERIC MARTIN, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

### COUNT TWO – RESPONDENT SUPERIOR
### ERIC MARTIN v. S.J. Transportation Co., Inc.

23. Plaintiff, ERIC MARTIN, hereby incorporates by reference paragraphs one through twenty two (1-22) as if fully set forth herein at length.

24. At all times relevant hereto, Defendant Operator was the employee, servant, or otherwise an agent of Defendant Owner and Defendant Company; and moreover, at all times relevant hereto, Defendant Operator was acting within the scope of said employment or agency.

**WHEREFORE**, Plaintiff, ERIC MARTIN, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

### COUNT THREE – NEGLIGENT ENTRUSTMENT
### ERIC MARTIN v. . S.J. Transportation Co., Inc.

25. Plaintiff, ERIC MARTIN, hereby incorporates by reference paragraphs one through twenty-four (1-24) as if fully set forth herein at length.

26. The negligence and carelessness of Defendant Owner and Defendant Company consisted of, *inter alia*, the following:

   (a) negligently entrusting their vehicle to an individual who was not equipped to operate their vehicle safely and/or with due care for others;

   (b) negligently entrusting their vehicle to an individual who exhibited a disregard for the safety and well-being of others; and

   (c) failing to properly train and/or instruct Defendant Operator in the safe operation and usage of his motor vehicle.

27. As a direct and proximate cause of the aforesaid negligence of Defendant Owner and Defendant Company, Plaintiff, ERIC MARTIN, suffered damages as more fully described *infra*.

**WHEREFORE**, Plaintiff, ERIC MARTIN, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

Respectfully submitted,

J. FINE LAW GROUP, P.C.

BY: _____
JASON E. FINE, ESQUIRE
Attorney for Plaintiff,
ERIC MARTIN

## **VERIFICATION**

I, ERIC MARTIN, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Signature